IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL S. MILLER : <br> Plaintiff, : <br> v. : <br> : <br> PA DEPARTMENT OF CORRECTIONS, *et al.* : <br> Defendants. : <br> : | CIVIL ACTION NO. 12-3040 |

MEMORANDUM OPINION

Rufe, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　March 26, 2013

　　　Plaintiff Michael Miller filed suit against the Pennsylvania Department of Corrections, several of its officials, and the Warden of Berks County Prison ("BCP"), challenging his transfer to BCP and the conditions of his confinement there. Defendants have filed motions to dismiss the Amended Complaint. Even construing Plaintiff's claims liberally as he is proceeding *pro se*, and accepting as true all facts in the Amended Complaint and the supplemental pleadings and viewing them in the light most favorable to Plaintiff, he has failed to state a claim upon which relief may be granted.[1]

　　　Plaintiff, a prisoner in state custody, alleges that although his assigned institution is SCI-Frackville, he was transferred to BCP on February 17, 2012. Because of the transfer, Plaintiff claims he has been unable to complete his petition for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), and that Defendants are deliberately indifferent to his requests

---

[1] Plaintiff did not file a response to the motion; however, the Court does not grant the motion as unopposed and considers the merits of Plaintiff's claims. In assessing the adequacy of the Complaint, the Court has employed the three-part test directed by the Third Circuit: "First, the court must 'take note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, 562 U.S. 662, 675-80 (2009)).

to return to Frackville. Plaintiff also alleges that he has been denied access to legal library materials, which prevents him from completing his PCRA petition. In a supplemental filing, Plaintiff alleges that he has been subjected to threats and intimidation regarding his computer use.[2]

Plaintiff's contention that Defendants have acted with deliberate indifference in violation of the Eighth Amendment fails to state a claim. The Eighth Amendment requires that prison officials provide humane conditions of confinement and "ensure that inmates receive adequate food, clothing, shelter, and medical care."[3] Officials must take "reasonable measures to guarantee the safety of the inmates."[4] Plaintiff has not alleged that he has been deprived of the minimal life necessities,[5] or that he has been subjected to "unnecessary and wanton infliction of pain."[6] Plaintiff's general allegations that Defendants have acted with deliberate indifference and that he is experiencing "anxiety, mental anguish, and emotional distress" as a result of being unable to complete his petition do not give rise to an Eighth Amendment claim, and this claim will be dismissed with prejudice, as any amendment would be futile.

Plaintiff also alleges a claim based on difficulty in completing his PCRA petition. Prisoners have a fundamental First Amendment right of access to the courts.[7] This right requires

---

[2] Doc. No. 9. On October 1, 2012, Plaintiff filed a Motion for relief, claiming that he needed to file his PCRA petition by October 13, 2012; that motion was denied by order dated October 2, 2012.

[3] Farmer v. Brennan, 511 U.S. 825, 832 (1994).

[4] Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).

[5] Farmer, 511 U.S. at 834.

[6] Wilson v. Seiter, 501 U.S. 294, 297 (1991).

[7] Lewis v. Casey, 518 U.S. 343, 346 (1996); Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).

that prison authorities provide prisoners with adequate law libraries or assistance from legally trained individuals so they can file "meaningful legal [documents]."[8] To state a claim, Plaintiff must allege an actual injury;[9] for example, by alleging that Defendants' actions resulted in the loss or rejection of a specifically identified and nonfrivolous legal claim.[10]

Although Plaintiff alleges generally that a "lack of resources at specific times, prison logistics, and the housing unit institutionalized bias and set-up" hinder him from preparing his PCRA petition, he has not alleged any facts that explain how the BCP facilities are inadequate; nor has he has pled the merits of his underlying claim. More important, Plaintiff specifically bases his lawsuit on the fact that he is being hindered in preparing a petition not yet due; Plaintiff does not allege that he missed the opportunity to file a petition and therefore any claim is premature.[11] This claim will be dismissed without prejudice and Plaintiff may file a new civil action if, in the future, he can allege that he has suffered the loss or rejection of a meritorious claim because of Defendants' actions.[12]

Finally, Plaintiff alleges that his Fourteenth Amendment Due Process rights have been violated through his transfer to BCP. As he has been convicted and sentenced, Plaintiff has no

---

[8] Bounds v. Smith, 430 U.S. 817, 828 (1977).

[9] Lewis v. Casey, 518 U.S. 343, 350 (1996).

[10] Christopher v. Harbury, 536 U.S. 403, 414 (2002); Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997).

[11] Plaintiff also must be able to allege that this claim could not be redressed through any other means, for example, a state remedy for loss of property. Monroe, 536 F.3d at 205.

[12] The Court notes that Plaintiff's allegations regarding his First Amendment claims, including intimidation regarding computer use, also fail because Plaintiff has not alleged the personal involvement of any of the named Defendants in the alleged acts. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

justifiable expectation of being incarcerated at a particular facility.[13] This claim will be dismissed with prejudice as amendment would be futile.

For the reasons explained above, the Complaint will be dismissed with prejudice, except that it will be dismissed without prejudice to assertion of the access-to-the-courts claim at a time when Plaintiff can allege that he has been injured through the denial of a meritorious claim. An order will be entered.

---

[13] Olim v. Wakinekona, 461 U.S. 238, 247-48 (1983); Franco v. Bureau of Prisons, 207 F. App'x 145, 145 (3d Cir. 2006) ("Prisoners do not have a constitutionally protected liberty interest under the Due Process Clause in either their place of confinement or in prison transfers."). Pennsylvania law also provides that inmates have no right to be housed in a particular facility. Jerry v. Williamson, 211 F. App'x 110, 112 (3d Cir. 2006) (citing 37 Pa. Code § 93.11 ("An inmate does not have a right to be housed in a particular facility or in a particular area within a facility.")).